IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGGIE YOUNG,<br><br>                    Petitioner,<br><br>            vs.<br><br>CHARLES GREINER,<br><br>                    Respondent. | No. 9:02-cv-01087-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 76.] |

I.  MOTION PRESENTED

At Docket No. 76 Petitioner Reggie Young has moved to vacate the judgment entered herein under Federal Rule of Civil Procedure 60(b)(6) on the grounds that recent case law establishes that the determination made by this Court that the petition for habeas relief was filed untimely was erroneous as a matter of law.

II.  PRIOR PROCEEDINGS

On December 30, 2008, this Court held in a reasoned decision that only two claims presented in the amended petition were timely: (1) the prosecution's alleged knowing use of Mitchell's perjured testimony and (2) the prosecution's alleged vouching and other legal arguments during summation.[1]  A final judgment, in which this Court declined to issue a Certificate of Appealability ("COA"), was entered the same day.[2]  On June 18, 2009, the Court of

---

[1] Docket No. 71, pp. 13-20.

[2] Docket No. 72.

Appeals for the Second Circuit denied Young's motion for a COA and dismissed his appeal for failure to make "a substantial showing of the denial of a constitutional right."[3]

### III.  APPLICABLE STANDARD

Under Rule 60(b)(6) a district court may grant relief for "any other reason that justifies relief."  Other than it must be brought "within a reasonable time," there is no limitation on the time for making a Rule 60(b)(6) motion.[4]

> Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986) (internal quotation marks omitted).  Relief is warranted "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served."  *Id.* (internal citations and quotation marks omitted).  We have warned, however, that a Rule 60 motion "may not be used as a substitute for appeal" and that a claim based on legal error alone is "inadequate."  *Id.* at 107; *see also Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 56 (2d Cir.2004) ("[A] mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6).").[5]

### IV.  DISCUSSION

Young, citing *Willis v. Jones*, contends he is entitled to have the judgment vacated.  In *Willis*, the Sixth Circuit held that a habeas petitioner was entitled to rely on the state's representation that it had disclosed all *Brady* material in its possession, and the one-year-limitation period did not begin to run until the habeas petitioner discovered that the state had not disclosed certain exculpatory material.[6]  Young's argument fails for several reasons.

---

[3] Docket No. 75.

[4] Fed. R. Civ. P. 60(c)(1).

[5] *United Airlines v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

[6] *Willis v. Jones*, 329 Fed.Appx. 7, 17 (6th Cir. 2009).

First, an unpublished decision of the Sixth Circuit is not binding on this Court.[7]  Second, in finding the grounds untimely, this Court assumed that the one year started to run on the date that Young "discovered" the grounds.  Third, as the Second Circuit made clear in *Marrero Pichardo*, a mere change in decisional law is not grounds for relief under Rule 60(b)(6).  This is the "law of the circuit" by which this Court is bound.[8]

### V.  CONCLUSION AND ORDER

Young is not entitled to relief under Federal Rule of Civil Procedure 60(b).

**IT IS THEREFORE ORDERED THAT** the motion to vacate the judgment at Docket No. 76 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[9]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[10]

Dated:  July 28, 2010.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[7] *See Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 90-91 (2d Cir. 2006).

[8] *See Napoli v. United States*, 32 F.3d 31, 37 (2d Cir. 1994); *Ithaca College v. Nat'l Labor Relations Bd.*, 623 F.2d 224, 228 (2d Cir. 1980).

[9] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[10] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.