IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGGIE YOUNG,<br><br>               Petitioner,<br><br>    vs.<br><br>CHARLES GREINER,<br><br>               Respondent. | No. 9:02-cv-01087-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 79.] |

I.  MOTION PRESENTED

At Docket No. 79 Petitioner Reggie Young filed a document that was construed as a notice of appeal.  The Court of Appeals for the Second Circuit remanded the matter to this Court to determine "whether the language in [Young's] construed notice of appeal may also be construed as a *timely* motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)."[1]

II.  PRIOR PROCEEDINGS

On May 1, 2010, Young filed a motion to vacate the judgment entered herein under Federal Rule of Civil Procedure 60(b).[2]  On July 28, 2010, this Court entered an Order denying the motion.[3]  On November 15, 2010, the document construed as a notice of appeal bearing a

---

[1] Docket No. 82 (emphasis in the original).

[2] Docket No. 76.

[3] Docket No. 78.

date of September 3, 2010, and in an envelope postmarked November 12, 2010, was docketed in this court.[4]

### III.  DISCUSSION

Under Rule 4(a)(5), this Court may grant an extension within which to file a notice of appeal provided that the motion is filed within 30 days of the last day that a timely notice of appeal may be filed under Rule 4(a).  Under Rule 4(a)(1)(A), a notice of appeal must be filed not later than 30 days after the date that the order or judgment appealed from is entered.  The last day to file a notice of appeal in his case under Rule 4(a)(1) was August 27, 2010.  The 30th day following that date was Monday, September 27, 2010.  Thus, if the notice was deemed filed under the "prison mailbox rule" on the date it bore, the motion was timely.  If it was not deemed filed until the date postmarked, November 12, 2010, it is untimely, and this Court lacks authority to grant the extension.

Under the "prison mailbox rule," a paper or pleading filed by a prisoner is deemed filed when the paper or pleading is handed to the appropriate prison official for mailing.[5]  In the absence of any contrary evidence, this Court normally assumes that the paper was handed to the appropriate prison official on the date that it bears.[6]  In the usual case, the delay between the date the paper bears and the postmark date is a few days.  In this case, however, the time lapse between the date the paper bears and the postmark date is nearly six weeks, far greater than the

---

[4] Docket No. 79.

[5] *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Adeline v. Stinson*, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (per curiam); see *Fernandez v. Artuz*, 402 F.3d 111, 113-16 (2d Cir. 2005) (discussing in depth the various application of the "mail box" rule).

[6] *See, e.g.*, *Porter v. Greiner,* No. 00-6047, 2005 WL 3344828, *7, 2005 U.S. Dist. LEXIS 31828, at *20 (E.D.N.Y. Nov. 18, 2005).

norm. Thus, before this Court can determine whether to apply the "mailbox rule," additional evidence is required.

## IV.  ORDER

**IT IS THEREFORE ORDERED THAT**, within **twenty-one (21) days** of the date this Order is served, Young must serve and file an affidavit or declaration under penalty of perjury stating the date upon which he handed the letter dated September 3, 2010, to the appropriate prison official for mailing to this Court, and, if available, a copy of the prison mail log.

**IT IS FURTHER ORDERED THAT**, unless within **fourteen (14) days** after Young serves and files his response as required in the immediately preceding paragraph, Respondent serves and files admissible evidence contradicting Young's averments, this Court will accept Young's averments as true.

Dated:  September 6, 2011.

/s/ James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
United States District Judge